IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
                                                 :
JEFFREY J. VIENS ET AL.               :          3:14 CV 952 (JBA)
                                                 :
v.                                                  :
                                               :
AMERICAN EMPIRE SURPLUS LINE INS. CO.:        JUNE 18, 2015
------------------------------------------------------------x

<u>RULING ON PENDING MOTIONS TO QUASH NON-PARTY SUBPOENAS</u>

Plaintiffs Jeffrey J. Viens, Pamela J. Viens, Karen L. Wellikoff, Finney Lane Realty Associates, and the Connecticut Fair Housing Center commenced this action on June 30, 2014 against defendant American Empire Surplus Lines Insurance Company (Dkt. #1), followed by an Amended Complaint, filed October 21, 2014 (Dkt. #24), followed by a Second Amended Complaint, filed January 9, 2015 (Dkt. #30), with class action allegations regarding defendant's alleged refusal to issue or renew property insurance when a rental building had tenants receiving Section 8 benefits.[1] The Second Amended Complaint contains three counts: discrimination based on lawful source of income, in violation of CONN. GEN. STAT. § 46a-63 <u>et seq.</u> (Count One); discrimination based on race and national origin, in violation of CONN. GEN. STAT. § 46a-63 <u>et seq.</u> (Count Two); and discrimination based on race and national origin under the Fair Housing Act, in violation of 42 U.S.C. § 3601 <u>et seq.</u> (Count Three). Defendant's Motion to Dismiss Second Amended Complaint, filed February 4, 2015 (Dkt. #37), is presently pending before U.S. District Judge Janet Bond Arterton. (<u>See also</u> Dkts. ##38-39).

On March 18, 2015, defendant filed its Motion to Quash Non-Party Subpoenas and

---

[1] Defendant Great American Insurance Group was dropped as a defendant in the amended complaints.

brief and affidavit in support (Dkt. #42),[2] as to which plaintiffs filed their brief in opposition on April 8, 2015. (Dkt. #47).[3] Fourteen days later, defendant filed its reply brief. (Dkt. #52).

That same day, Motions to Quash Non-Party Subpoena[s] were filed by Wilcox & Reynolds Insurance, LLC ["Wilcox"], by Malloy Insurance & Financial Services ["Malloy"], and by Joseph Krar & Associates, Inc. ["Krar"](Dkts. ##48-49, 51), as to which plaintiffs filed a consolidated brief in opposition on May 13, 2015. (Dkt. #56).

On June 5, 2015, Judge Arterton referred all four motions to this Magistrate Judge. (Dkt. #57).

For the reasons stated below, the Motions to Quash Non-Party Subpoena[s](Dkts. ##42, 48, 49 and 51) are granted in part and denied in part to the extent set forth below.

I.  DISCUSSION

The subpoena directed to Krar seeks eighteen categories of documents, while the subpoenas directed to Wilcox and Malloy seek fourteen categories of documents. (Dkt. #42, Brief at 3-4, 4 n.2 & Exhs. A-C). Defendant argues that the non-party subpoenas should be quashed because: (1) the definition of "American Empire" is overly broad (Dkt. #42, Brief at 5-7); (2) the definition of "Subsidized Housing" and "Subsidized Units" is overly broad (id.

---

[2]The following six exhibits were attached to defendant's brief: copy of letter from plaintiffs' counsel to Joseph Krar & Associates, dated February 27, 2015, with subpoena attached (Exh. A); copy of letter from plaintiffs' counsel to Wilcox & Reynolds LLC, dated February 27, 2015, with subpoena attached (Exh. B); copy of letter from plaintiffs' counsel to Malloy Insurance & Financial Services, dated February 27, 2015, with subpoena attached (Exh. C); and copies of correspondence between plaintiffs' counsel and defense counsel, dated February 27, March 9, and March 13, 2015 (Exhs. D-F).

[3]The following three exhibits were attached: excerpts from the transcript of oral argument before Judge Arterton on February 23, 2015 (Exh. 1); declaration of plaintiffs' counsel, with copies of e-mails dated July 30, July 31, August 20, November 2, and November 5, 2013, and January 16 and February 12, 2014, and of Notice of Nonrenewal, dated January 16, 2014 attached (Exh. 2); and copies of redlined versions of Attachment 1 to three subpoenas (Exh. 3).


at 7-8); (3) the subpoenas seek irrelevant documents (id. at 8-11); (4) the time period is unlimited (id. at 11-12); and (5) the discovery sought is an "end-run" around the stay of discovery (id. at 12-13).

In their brief in opposition, plaintiffs argue that: (1) defendant does not have standing to challenge the non-party subpoenas (Dkt. #47, at 6-7); (2) defendant's objections are unfounded and unsupported boilerplate objections (id. at 7-8); (3) plaintiffs have offered to modify the definition of "American Empire" (id. at 9-12); (4) plaintiffs have offered to modify the definition of "Subsidized Housing" and "Subsidized Units" (id. at 13); (5) defendant's argument about irrelevancy is based on speculation and hyperbole (id. at 14-19); (6) plaintiffs have proposed a temporal limitation to their requests that is reasonable and grounded in evidence (id. at 20-22); and (7) plaintiffs have properly pursued non-party discovery pursuant to Judge Arterton's order (id. at 23-24).

In its reply brief, defendant argues that: (1) the issue of standing is moot in light of the non-parties' pending motions and the subpoenas are still an "end run around the stay" of discovery (Dkt. #52, at 2-3); (2) plaintiffs' definition of "American Empire" is still too broad (id. at 3-4); (3) plaintiffs' definition of "Subsidized Housing" and "Subsidized Units" is still too broad (id. at 4); (4) plaintiffs' requests for discovery are irrelevant (id. at 4-6); and (5) the time period is still too broad (id. at 6-7).

The Motions to Quash Non-Party Subpoena[s] filed by Wilcox, Malloy and Krar incorporate by reference defendant's arguments.  (Dkts. ##48-49, 51).  In their brief in opposition, plaintiffs argue that these motions are untimely (Dkt. #56, at 2-3), and then incorporate by reference their prior arguments (id. at 3).

The Court will address the arguments in a different order than presented by counsel.

A. STAY OF DISCOVERY

As previously indicated, defendant argues that these three subpoenas are an "end run around the stay" of discovery imposed by Judge Arterton. (Dkt. #42, Brief at 12-13; Dkt. #52, at 2-3). However, plaintiffs are correct, based upon the excerpts from the oral argument before Judge Arterton on February 23, 2015, that she expressly permitted these subpoenas. (Dkt. #47, at 23-24 & Exh. A). At the end of the oral argument, plaintiffs' counsel expressed his interest in commencing third party discovery (id., Exh. A, at 54-56), to which defense counsel responded that she had no objection to plaintiffs' counsel forwarding a letter to the third parties requesting essentially a "litigation hold" on their documents, but then "holding off on compliance[.]" (Id. at 56-58). After plaintiffs' counsel responded that he wanted those documents to be delivered (id. at 58-59), Judge Arterton indicated that a "litigation hold" cannot be placed on non-parties, "[s]o it seems to me that the subpoenas for documents that are related to this case and these claims should be permitted, that the document gathering responsive to that should be undertaken, before there's an inadvertent destruction which would handicap one side or another or both, or neither[.]" (Id. at 59-60). Thereafter, counsel agreed to the time frame for filing these pending motions. (Id. at 60-61).[4]

---

[4]The Magistrate Judge agrees with defense counsel that the standing issue has been rendered moot by the filing of similar motions by Wilcox, Malloy and Krar. (Dkt. #52, at 2-3).

The Magistrate Judge also will not address the timeliness issue, insofar as Wilcox, Malloy and Krar filed their motions within two weeks of defendant having been advised of the standing issue in plaintiffs' brief. (See Dkts. ##47-49, 51).

B.  DEFINITIONS[5]

1.  DEFINITION OF "AMERICAN EMPIRE"

This term is limited to include only American Empire's affiliates whose business activities are related to the insurance of residential rental properties, and to its employees and officers.  (Dkt. #42, Brief at 5-7 & Exhs. A-E; Dkt. #47, at 9-12;  Dkt. #52, at 3-4).

2. DEFINITION OF "SUBSIDIZED HOUSING" AND "SUBSIDIZED UNITS"

This term is limited to subsidized housing and/or subsidized units under the federal Section 8 Housing Choice Voucher Program in Connecticut; other federal, state or local governmental plans presently are irrelevant to this lawsuit. (Dkt. #42, Brief at 7-8 & Exhs. A-C, F; Dkt. #47, at 13; Dkt. #52, at 4).

C.  RELEVANT TIME PERIOD

The appropriate period is January 1, 2010 (shortly before plaintiffs Viens first obtained their insurance policy with defendant in April 2010) through June 30, 2014 (shortly after their insurance policy lapsed in April 2014).  (Dkt. #42, Brief at 11-12 & Exhs. A-C, F; Dkt. #47, at 20-22; Dkt. #52, at 6-7).

D.  SPECIFIC REQUESTS FOR PRODUCTION

Again, these requests will be addressed in a different order than presented by the parties.

Requests Nos. 1, 2, 5 and 6 directed to Krar, and Nos. 1-2 directed to Wilcox and Malloy, are limited to surplus lines providing property, hazard, or related-liability coverage to landlords of residential properties.

---

[5] Of the multiple arguments raised by counsel, these are the most apparent ones that counsel should have been able to resolve between themselves, without imposing upon the valuable time of the Court.


Requests Nos. 9 and 12 directed to Krar, and Nos. 5 and 8 directed to Wilcox and Malloy, are limited to requests only where landlords had their insurance premiums increased, or insurance policy not renewed, due to the presence of Section 8 tenants.

Request No. 18 directed to Krar, and No. 14 directed to Wilcox and Malloy, is limited to defendant's compliance with the federal or state housing laws relating to the source of income, race, or national origin.

No limitation is warranted with respect to Request No. 11 directed to Krar, and No. 7 directed to Wilcox and Malloy, which requests go to the heart of this litigation. (Dkt. #42, Brief at 8-11 & Exhs. A-F; Dkt. #47, at 14-19; Dkt. #52, at 4-6).

## II. CONCLUSION

Accordingly, for the reasons stated above, the Motions to Quash Non-Party Subpoena[s] (Dkts. ##42, 48, 49 and 51) are <u>granted in part and denied in part to the extent set forth above</u>.

Unless the parties agree otherwise, Krar, Wilcox and Malloy shall comply **on or before July 31, 2015**.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure

to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[6]

Dated at New Haven, Connecticut, this 18th day of June, 2015.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[6]If any counsel believes that a settlement conference before this Magistrate Judge would be productive, he or she should contact this Magistrate Judge's Chambers accordingly.