UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY J. VIENS, PAMELA J. VIENS, KAREN L. WELLIKOFF, FINNEY LANE REALTY ASSOCIATES, LLC,<br><br>*In their own right and as representatives of all similarly situated Connecticut landlords,*<br><br>and the CONNECTICUT FAIR HOUSING CENTER,<br><br>*Plaintiffs,*<br><br>v.<br><br>AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY,<br><br>*Defendant.* | United States District Court<br>District of Connecticut<br>FILED AT   NEW HAVEN<br>aug 31, 2015<br>Roberta D. Tabora, Clerk<br>By P.A. Villano<br>Deputy Clerk<br><br>Case No. 3:14-cv-000952-JBA |

## CONSENT DECREE

### I.   INTRODUCTION

1. Plaintiffs Jeffrey Viens, Pamela Viens, Karen Wellikoff, Finney Lane Realty Associates, LLC, and the Connecticut Fair Housing Center ("CFHC") initiated this action against Defendant American Empire Surplus Lines Insurance Company ("American Empire"), alleging discrimination on the basis of lawful source of income in violation of the Connecticut Human Rights Act, Conn. Gen. Stat. § 46a-64c ("CHRA") and the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"), based on Defendant's denial of coverage or charging of higher premiums for property insurance due to the presence of subsidized tenants in Plaintiffs' residential rental properties.

2. Plaintiffs Jeffrey and Pamela Viens, Karen Wellikoff, and Finney Lane Realty Associates, LLC are apartment owners and landlords who rent residential dwelling units to tenants, including those who utilize housing subsidies such as Housing Choice Vouchers (also known as "Section 8 Vouchers") funded by the federal government through the Department of Housing and Urban Development. Plaintiff CFHC is a non-profit civil rights organization dedicated to ensuring that all people have equal access to housing opportunities in Connecticut, regardless of race, national origin, or other protected characteristics.

3. Defendant American Empire denies Plaintiffs' claims that its actions violated the CHRA and the FHA.

4. Plaintiffs and Defendant (hereinafter, "the Parties") have agreed that in order to avoid protracted and costly litigation, this controversy should be resolved without a trial. Therefore, the Parties consent to the entry of this Consent Decree.

**It is hereby ADJUDGED, ORDERED, and DECREED:**

## II. INJUNCTIVE RELIEF

5. Defendant American Empire agrees that for a period of three (3) years, it shall not take into consideration a tenant's lawful source of income in connection with the underwriting, pricing, and eligibility criteria for new and existing surplus lines policies in Connecticut.

## III. DAMAGES TO PLAINTIFFS

6. Within thirty (30) days of the date of entry of this Consent Decree, Defendant shall pay Plaintiffs $475,000 in monetary damages (the "Settlement Amount"), inclusive of attorneys' fees and costs, in full and final settlement of all claims against Defendant. The payment shall be made by check payable to "Relman, Dane & Colfax PLLC," and sent by overnight mail to

Plaintiffs' Counsel, Relman, Dane & Colfax PLLC, 1225 19th St. NW, Suite 600, Washington, DC 20036-2456.

7. The Parties shall suspend litigation activities pending American Empire's payment of the Settlement Amount. Within five (5) days of Defendant's payment of the Settlement Amount, Plaintiffs shall dismiss all claims against Defendant with prejudice. Notwithstanding Plaintiffs' dismissal, the Court shall retain jurisdiction to enforce the terms of this Consent Decree for a period of three (3) years.

## IV.    NO ADMISSION OF FAULT OR LIABILITY

8. This Consent Decree and all negotiations, statements, and proceedings in connection therewith shall not be construed, used, or deemed in any manner as any admission or concession by Defendant: (a) regarding the validity or enforceability of any of the claims asserted or that could have been asserted in Plaintiffs' Complaint, First Amended Complaint, or Second Amended Complaint; or (b) of any fault, wrongdoing, omission, or liability whatsoever with reference to any of the claims asserted or that could have been asserted in Plaintiffs' Complaint, First Amended Complaint, or Second Amended Complaint. This Consent Decree and all negotiations, statements, and proceedings in connection therewith shall not be construed, used, or deemed to be evidence of any admission or concession that Plaintiffs have or have not suffered any damages in connection with this Action.

## V.    MUTUAL RELEASES

9. The Parties mutually release, acquit, and forever discharge each other with prejudice and subject to this Consent Decree from any and all claims, demands, causes of action, or liabilities, at law or in equity, arising out of the allegations in the Complaint, First Amended Complaint, and Second Amended Complaint, and existing as of the date of entry of this

Consent Decree. This release includes any and all claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, arising out of the allegations in the Complaint, First Amended Complaint, and Second Amended Complaint, that have been or could have been asserted in this Action or in any court tribunal or proceeding; and any and all related charges or complaints, including all statutory, tort, contract, or other claims that were or might have been asserted by Plaintiffs or Plaintiffs' Counsel or Defendant or Defendant's Counsel in any court or administrative process.

10. Nothing in this Section shall preclude the Parties from seeking to enforce the terms in this Consent Decree.

## VI.   MISCELLANEOUS TERMS

11. The Parties to this Consent Decree shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution.

12. Without further order of the Court, the Parties may agree to reasonable written extensions of time to carry out any of the provisions of this Consent Decree.

13. This Consent Decree constitutes the entire agreement of the Parties and may only be amended or modified in writing and executed by all Parties.

## VII.   SIGNATORIES/SERVICE

14. The undersigned representatives of the Parties certify that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the party he or she represents to this document.

4

15. This Consent Decree may be signed in counterpart, and its validity shall not be challenged on that basis.

RELMAN, DANE & COLFAX PLLC

Dated: August 27, 2015

By: /s/ Stephen M. Dane

Stephen M. Dane (*pro hac vice*)
Jean Zachariasiewicz (*pro hac vice*)
RELMAN, DANE & COLFAX, PLLC
1225 19th St. NW, Suite 600
Washington, D.C. 20036-2456
Tel: (202) 728-1888
Fax: (202) 728-0848
E-mail: sdane@relmanlaw.com
jzachariasiewicz@relmanlaw

Greg Kirschner [ct26888]
CONNECTICUT FAIR HOUSING CENTER
221 Main St., 4th Floor
Hartford, CT 06106
Tel: (860) 263-0728
Fax: (860) 247-4236
Email: greg@ctfairhousing.org

*Counsel for Plaintiffs*

SHIPMAN & GOODWIN LLP

Dated: August 27, 2015

By: /s/ Jill O'Toole

Jill O'Toole
Diane Polletta
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
E-mail: jotoole@goodwin.com
dpolletta@goodwin.com

*Counsel for Defendant*

**IT IS SO ORDERED** this 31st day of August 2015.

/s/

HON. JUDGE JANET BOND ARTERTON
U.S. District Judge
District of Connecticut